Last revised 8/1/15

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
DEBORAH KWAMIE,

Case No.: _____16-11765_____

Judge: _____MBK_____

Chapter: 13

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original ☒ Modified/Notice Required ☒ Discharge Sought

☒ Motions Included ☐ Modified/No Notice Required ☐ No Discharge Sought

Date: _____9/ /16_____

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

| Part 1: Payment and Length of Plan |
|---|

a. The debtor shall pay $ _____1810.00_____ per _____paid to date_____ to the Chapter 13 Trustee, starting on _____March 1, 2016_____ for approximately _____7_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

1

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:

Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: Modification of first mortgage held by Residential Credit Solutions
Proposed date for completion: 6 months from confirmation

d. ☒ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:
2nd Tier: $261.00 per month commencing October 1, 2016 for 53 months.

## Part 2: Adequate Protection

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ ____5113.00____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____Residential Credit Solutions____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Law Office of Michael P. Otto, LLC | Administrative | $1,000.00 |
| Internal Revenue Service | Priority | $10,254.27 |
| NJ Division of Taxation | Priority | $2,814.56 |

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments**
The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| None | | | | | |

**b. Modification**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| None | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**c. Surrender**

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Equiant Financial Services | Time share | $0.00 | $18,458.00 |
| Equiant Financial Services | Time share | $0.00 | $13,321.00 |

**d. Secured Claims Unaffected by the Plan**

The following secured claims are unaffected by the Plan:
None

**e. Secured Claims to be Paid in Full Through the Plan**:

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| None | | |

## Part 5:  Unsecured Claims

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis For Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| None | | | |

## Part 6:  Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
| None | | |

**Part 7:    Motions**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    **a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| None | | | | | | | |

    **b.  Motion to Avoid Liens and Reclassify Claim From Secured to Completely Unsecured.**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
| None | | |

    **c.  Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| None | | | |

## Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Trustee shall pay allowed claims in the following order:

1) Trustee commissions
2) Administrative Claims
3) Priority unsecured claims
4) General unsecured claims

**d. Post-Petition Claims**

The Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: _____February 16, 2016_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Higher proof of claim for the IRS and a lower proof of claim for the NJ Division of Taxation. | Decreasing the plan payment to $261.00 per month. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

| **Part 10:** | **Sign Here** |
|---|---|

The Debtor(s) and the attorney for the Debtor (if any) must sign this Plan.

Date: _____       /S/ Michael P. Otto
                                              _____
                                              Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: _____       /S/ Deborah Kwamie
                                              _____
                                              Debtor

Date: _____       _____
                                              Joint Debtor

```
                         United States Bankruptcy Court
                              District of New Jersey
In re:                                                         Case No. 16-11765-MBK
Deborah J. Kwamie                                              Chapter 13
         Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0312-3          User: admin               Page 1 of 1          Date Rcvd: Sep 16, 2016
                              Form ID: pdf901           Total Noticed: 10
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 18, 2016.
db             +Deborah J. Kwamie,    30 Clive Hills Road,    Edison, NJ 08820-3654
515974907       Chase Bank,    PO Box 15298,   Wilmington, DE 19850-5298
515974908      +Equiant Financial Services,    5401 N. Pima Road,    Suite 150,    Scottsdale, AZ 85250-2630
515974912      +Residential Credit Solutions,    PO Box 163349,    Fort Worth, TX 76161-3349
515974911     ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
                (address filed with court:  New Jersey Division of Taxation,    Bankruptcy Unit,   PO Box 245,
                 Trenton, NJ 08695-0267)
515974913      +Victor K. Kwamie,    30 Clive Hills Road,    Edison, NJ 08820-3654

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Sep 16 2016 23:36:17      U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 16 2016 23:36:12      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
515974910       E-mail/Text: cio.bncmail@irs.gov Sep 16 2016 23:35:45      Internal Revenue Service,
                 PO Box 7346,   Philadelphia, PA 19101-7346
516213787       E-mail/Text: bankruptcy.bnc@ditech.com Sep 16 2016 23:35:56      The Bank of New York Mellon,
                 c/o Ditech Financial LLC,    PO Box 6154,   Rapid City, SD 57709-6154
                                                                                              TOTAL: 4

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
515974909*     +Equiant Financial Services,    5401 N. Pima Road,    Suite 150,    Scottsdale, AZ 85250-2630
516084925*    ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
                (address filed with court:  State of New Jersey,    Division of Taxation,    P.O. Box 245,
                 Trenton, NJ 08695-0245)
                                                                                              TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 18, 2016                                             Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 15, 2016 at the address(es) listed below:
              Albert   Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com
              Albert   Russo    docs@russotrustee.com
              Denise E. Carlon    on behalf of Creditor    THE BANK OF NEW YORK MELLON FKA Et Al...
               dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
              Michael P. Otto    on behalf of Debtor Deborah J. Kwamie motto@ottolawoffice.com
                                                                                              TOTAL: 4
```